# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRENDA G. WATSON, <br>             Appellant, | DOCKET NUMBER <br> AT-315H-16-0649-I-1 |
|      v. | |
| DEPARTMENT OF VETERANS <br>    AFFAIRS, <br>             Agency. | DATE: November 21, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brenda G. Watson, Powder Springs, Georgia, pro se.

Amee Patel, Decatur, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant, a preference-eligible veteran, was appointed pursuant to a Veterans Recruitment Appointment (VRA) to the excepted-service position of GS-5 Medical Support Assistant on November 15, 2015.  Initial Appeal File (IAF), Tab 6 at 24.  The appellant was subject to a 1-year trial period.  *Id.*  She was terminated effective June 23, 2016, for displaying inappropriate conduct and failing to maintain regular attendance.  *Id*. at 13.  The appellant filed the instant appeal, alleging, among other things, that she was terminated maliciously under false allegations, given assignments that were not consistent with her position, subjected to a hostile work environment, and retaliated against for filing discrimination complaints with the Equal Employment Opportunity Commission (EEOC).  IAF, Tab 1 at 3, 10-13.

¶3    The administrative judge issued a jurisdictional notice that set forth the appellant's jurisdictional burden under 5 U.S.C. § 7511(a)(1)(A), and ordered the appellant to file evidence or argument to establish why the appeal should not be

dismissed for lack of jurisdiction.[2]  IAF, Tab 3.  The appellant did not respond to the administrative judge's order.  The agency responded that the appellant was serving a trial period with no statutory right of appeal to the Board, and requested that the Board dismiss the appeal for lack of jurisdiction.  IAF, Tab 6 at 6-7.

¶4        In her initial decision, the administrative judge dismissed the appeal for lack of jurisdiction, finding that it was undisputed that the appellant had less than 1 year of service at the time of her termination and, therefore, she did not meet the statutory definition of an employee under 5 U.S.C. § 7511(a)(1)(B).  IAF, Tab 8, Initial Decision (ID) at 2.  The administrative judge also found that the appellant did not allege that her termination was based on partisan political reasons, marital status, or preappointment reasons.  ID at 3.

¶5        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  She reargues the merits of her termination, but does not make any arguments relating to Board jurisdiction.  *Id.*  The agency has responded to the appellant's petition, arguing that the appellant has not alleged any errors in the initial decision and that the petition merely restates the allegations presented in the initial appeal.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at 5 U.S.C.

---

[2] In the jurisdictional order, the administrative judge described the appellant as a probationary employee in the competitive service.  IAF, Tab 3.  As noted, the appellant was appointed to an excepted-service position under the VRA.  Although in the excepted service, individuals appointed under the VRA are entitled to the same appeal rights during the first year of their trial periods as competitive-service employees.  *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 18 (2011); 5 C.F.R. § 307.105.  Thus, although imprecise in her choice of language, the administrative judge correctly set forth the appellant's jurisdictional burden and her imprecision did not prejudice the appellant.

§ 7511(a)(1) generally has the right to challenge her removal from the Federal service by filing an appeal with the Board. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011). To be considered an "employee" for the purposes of Board jurisdiction, a preference-eligible individual in the excepted service must have completed 1 year of current continuous service in the same or similar positions in an Executive agency, or the Postal Service or Postal Regulatory Commission. 5 U.S.C. § 7511(a)(1)(B); *see Maibaum*, 116 M.S.P.R. 234, ¶ 9.

¶7        Here, the appellant was appointed to her position on November 15, 2015, and the appointment was subject to a 1-year trial period. IAF, Tab 6 at 24. She was terminated effective June 23, 2016, approximately 6 months into the trial period. *Id.* at 13-14. Thus, as the administrative judge observed, it is undisputed that the appellant was terminated during the trial period. ID at 2; IAF, Tab 1 at 2-3; IAF, Tab 6 at 6, 24. Furthermore, the appellant did not allege any other service that could be "tacked" to her service with the agency to meet the requirement for 1 year of "current continuous service." *Amend v. Department of Justice*, 102 M.S.P.R. 614, ¶¶ 5-6 (2006). Accordingly, we agree with the administrative judge that the appellant was not an "employee" with a statutory right to appeal her termination to the Board.

¶8        As noted, although in the excepted service, individuals appointed under the VRA are entitled to the same appeal rights during the first year of their trial periods as competitive-service employees and, therefore, by regulation, the appellant could appeal her termination on the ground that it was based on partisan political reasons, marital status, or preappointment reasons. *Maibaum*, 116 M.S.P.R. 234, ¶ 18; 5 C.F.R. § 307.105. As correctly found by the administrative judge, the appellant did not claim that her termination was based

on any of these reasons. ID at 3. She does not claim error in this regard on review. PFR File, Tab 1. Thus, we discern no basis for a finding of jurisdiction.[3]

¶9		The appellant has provided several documents to support her petition for review, including character witness statements, reports of contact, and emails. *Id.* These documents provide no basis to disturb the initial decision because they are neither new nor material. *Cf.* 5 C.F.R. § 1201.115(d) (the Board may grant a petition for review if it contains new and material evidence). This evidence is not new because it all predates the initial decision, and it was either contained in the record below or lacks an explanation of why it previously was unavailable despite the appellant's due diligence. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (holding that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). This evidence is also not material because the appellant has not explained why she believes that it warrants an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[3] Because the Board has no jurisdiction over this termination appeal, the Board has no independent jurisdiction to adjudicate the appellant's discrimination claims. *See Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 11 (2010); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.